1   Lauren O. Miller (SBN 279448)
    millerl@tesla.com
2   Lindsey R. Adams-Hess (SBN 260600)
    ladamshess@tesla.com
3   **TESLA, INC.**
    3000 Hanover Street
4   Palo Alto, CA 94304
    Tel: (510) 362-3599
5
6   *Attorneys for Defendant TESLA, INC.*

7

8                  **UNITED STATES DISTRICT COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA—EASTERN DIVISION**

10

11  MARINA FARAGALLA                      | Case No.:
                                          | [Removed from Riverside County Superior
12                      Plaintiff,        | Court Case No. CVME2503084
13          vs.                           |
                                          | **NOTICE OF REMOVAL TO THE UNITED**
14  TESLA, INC; TESLA INSURANCE           | **STATES DISTRICT COURT FOR THE**
    SERVICES, INC.; and DOES 1-50         | **CENTRAL DISTRICT OF CALIFORNIA**
15                                        | **UNDER 28 U.S.C. §§ 1441(b) AND 1332-**
                                          | **DIVERSITY; DECLARATION OF**
16                      Defendants.       | **LAUREN O. MILLER**
17
18                                        | Action Filed: March 19, 2025
19

20

21

22

23

24

25

26

27

28

- 1 -

1  **TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**

2  **DISTRICT OF CALIFORNIA:**

3      Defendant Tesla, Inc. ("Tesla") through its undersigned counsel and pursuant to 28 U.S.C.

4  §1441, hereby removes this action from the Superior Court of the State of California, for the County

5  of Riverside, to the United States District Court for the Central District of California, Eastern

6  Division. In support of this Notice of Removal, Tesla states as follows:

7      **INTRODUCTION**

8      1.    Plaintiff Marina Faragalla ("Plaintiff") filed her original Complaint on March 19, 2025

9  in the Superior Court of the State of California, for the County of Riverside, in Case No.

10  CVME2503084 (the "State Court Action"). Tesla was served with a copy of the summons and

11  Complaint on or about April 2, 2024. (*See* Declaration of Lauren O. Miller ("Miller Decl.") ¶ 3, **Ex.**

12  **A** [Compl.].)

13      2.    The Complaint alleges that Plaintiff's 2020 Tesla Model Y (the "subject vehicle") is

14  defective and such alleged defects caused or contributed to Plaintiff's injuries, if any. She seeks

15  monetary damages under product liability theories of (1) strict liability, and (2) negligence. (*See,*

16  **Ex. A**.)

17      **COMPLETE DIVERSITY EXISTS AS TO ALL PARTIES**

18      4.    This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a). This

19  action may be removed to this Court by Tesla pursuant to the provisions of 28 U.S.C. §1441(a)

20  because there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. §1332(c),

21  and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

22      5.    Plaintiff is a resident and citizen of the State of California, County of Riverside. (**Ex.**

23  **D** to Miller Decl.)

24      6.    Tesla is a corporation. A corporation is a "citizen" in both the state in which it was

25  incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c).

26  Tesla is a Texas Corporation and—as of December 1, 2021—its principal place of business is

27  located at 1 Tesla Road, Austin, Texas 78725. (Miller Decl. at ¶ 4.)

28

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA UNDER 28 U.S.C. §§ 1441(b) AND 1332-DIVERSITY; DECLARATION OF LAUREN O. MILLER

7.      Tesla Insurance Services, Inc. has been dismissed. (Miller Decl. at ¶ 5.)

8.      Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded when determining removal jurisdiction. Accordingly, the citizenship of Does 1 through 50 should not be considered when determining whether jurisdiction based on diversity of citizenship exists in this case.

9.      As set forth above, there is complete diversity between Plaintiff and Tesla.

**THE AMOUNT IN CONTROVERSY EXCEEDS $75,000**

10.     Pursuant to 28 U.S.C. § 1446, removal of the action is proper on the basis of an amount in controversy asserted in the notice of removal if the initial pleading seeks "a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded" and the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in 28 U.S.C. § 1332(a).

11.     California Code of Civil Procedure § 425.10(b) states that an action to recover actual or punitive damages for personal injury cases shall not state the amount demanded.

12.     Plaintiff did not set forth a monetary amount sought as damages in her Complaint. Rather, the Complaint states that as a result of Tesla's alleged conduct, Plaintiff sustained "serious injuries" when Plaintiff's 2020 Tesla Model Y "suddenly" braked while traveling at 70 mph resulting in a collision with a concrete freeway barrier. (**Ex. A** at ¶ 4)

12.     Tesla exercised due diligence through discovery and factual investigation to ascertain whether Plaintiff's alleged damages exceed $75,000. (Miller Decl. at ¶ 6.)

13.     On June 13, 2025, Plaintiffs' counsel served a statement of damages asserting approximately $70,000 in past medical plus amounts for future medical damages and pain, suffering and invoncenience damages. (Miller Decl. at ¶ 6, **Ex. C** [Statement of Damages].)  Therefore, the amount in controversy exceeds $75,000, exclusive of interest and costs. "A Statement of Damages is generally considered an "other paper" that could trigger the thirty-day period if it "is sufficient to put a defendant on notice regarding the amount in controversy as long as the estimate is

1  'sufficiently supported by details of the injuries claimed and clearly indicate[s] that the amount in

2  controversy exceed[s] the jurisdictional amount.' " *Diaz v. Allstate Northbrook Indemnity Company*

3  (S.D. Cal. 2022) 625 F.Supp.3d 1052, 1061–1062 (citing *De Paredes v. Walmart Inc*., No. 2:20-cv-

4  08297-RGK-AFM, 2020 WL 6799074, at *2 (C.D. Cal. Nov. 17, 2020) (quoting *Babasa v.*

5  *LensCrafters*, *Inc*., 498 F.3d 972, 975 (9th Cir. 2007)); see *Paine v. Sunflower Farmers Markets,*

6  *LLC*, No. 2:19-cv-00771-JAM-DB, 2019 WL 4187734, at *3 (E.D. Cal. Sept. 4, 2019); *Brown v.*

7  *Target Corp*., No. CV 16-7384-JFW, 2016 WL 6781100, at *2 (C.D. Cal. Nov. 16, 2016)

8  (collecting cases); *Cleveland v. West Ridge Acad*., No. 1:14-cv-01825-SKO, 2015 WL 164592, at

9  *5 (E.D. Cal. Jan. 13, 2015) (collecting cases).)

10     14.    Accordingly, this Court has jurisdiction based upon diversity of citizenship, and an

11  amount in controversy in this action exceeding $75,000 exclusive of interest and costs, pursuant to

12  28 U.S.C. §1332(a)(1).

13  **TIMELINESS OF REMOVAL**

14     15.    Tesla first received notice that the amount of controversy in this action exceeds

15  $75,000 on June 13, 2025, when Plaintiff served a statement of damages indicating that the

16  damages sought exceed $75,000. (Miller Decl. at ¶ 7.) Therefore, this Notice of Removal is timely

17  pursuant to 28 U.S.C. §1446(b) because it is filed within thirty (30) days of receiving notice of

18  removability of this action. 28 U.S.C. §1446(b)(3).

19  **REMOVAL REQUIREMENTS**

20     16.    Removal to this Court is proper pursuant to 28 U.S.C. §1441(a) because the Central

21  District of California is the federal judicial district embracing the Superior Court of California,

22  County of Riverside where the State Court Action was originally filed. The Eastern Division of the

23  Central District of California is proper because it embraces the County of Riverside, where the State

24  Court Action was originally filed.

25     17.    Written notice of this Notice of Removal and a copy hereof have and/or will be

26  promptly sent to the Superior Court of the State of California, for the County of Riverside as

27  required by 28 U.S.C. §1446(d), and copies of the same will be served upon Plaintiff.

28

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA UNDER 28 U.S.C. §§ 1441(b) AND 1332-DIVERSITY; DECLARATION OF LAUREN O. MILLER

18.    A copy of all process, pleadings and orders in the State Court Action are attached to this Notice of Removal as **Exhibits A, B, C, and D** to Miller Decl., as required by 28 U.S.C. § 1446(a). To the extent there are documents in the state court file that are not included, Tesla will promptly provide the Court with those documents as soon as they are received.

WHEREFORE, Tesla, by its counsel, removes the subject action from the Superior Court of the State of California, for the County of Riverside, to the United States District Court for the Central District of California, Eastern Division.

Respectfully submitted,

TESLA, INC.

DATED:  July 11, 2025

By:    _/s/ Lauren O. Miller_
        Lauren O. Miller
        Attorneys for Defendant, Tesla, Inc.

### DECLARATION OF LAUREN O. MILLER

I, Lauren O. Miller, declare as follows:

1.    I am an attorney admitted to practice before the United States District Court, Central District of California. I am an attorney employed as in-house counsel for Defendant Tesla, Inc. ("Tesla")  I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto.  As to those matters stated upon information and belief, I am informed and believe such matters to be true.

2.    This declaration is offered in support of Tesla's Notice of Removal to the United States District Court for the Central District of California - Eastern Division Under 28 U.S.C. §§ 1441(b) and 1332 - Diversity.

3.    Attached hereto as **Exhibit A** is a true and correct copy of Plaintiff's original Complaint and Proof of Service served on March 19, 2025.

4.    Tesla is a Texas Corporation and its principal place of business is located at 1 Tesla Road, Austin, Texas 78725.

5.     Plaintiff filed a request to dismiss Tesla Insurance Services, Inc. on May 15, 2025. Attached hereto as **Exhibit B** is a true and correct copy of Plainitff's Request for Dismissal as to Tesla Insurance Services, Inc.

6.     On May 29, 2025, Tesla served a request for statement of damages and on June 13, 2025, Plaintiff served her Statement of Damages. Attached hereto as **Exhibit C** is a true and correct Plaintiff's Statement of Damages served on June 13, 2025.

7.     June 13, 2025, was the first date upon which Tesla, Inc. learned that the amount in controversy exceeds $75,000.

8.     Plaintiff is a resident and citizen of the State of California, County of Riverside. Attached hereto as **Exhibit D** is a true and correct copy of Traffic Collision Report Number 9685-2023-00432.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 11th day of July, 2025 at San Jose, California.


*/s/ Lauren O. Miller*
Lauren O. Miller

NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §§ 1441(b) AND 1332-DIVERSITY; DECLARATION OF LAUREN O. MILLER

# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
04/02/2025
CT Log Number 548794217

## Service of Process Transmittal Summary

**TO:**     LEGAL DEPARTMENT - SOP
TESLA, INC.
C/O LEGAL DEPT, 3000 HANOVER ST.
PALO ALTO, CA 94304

**RE:**     **Process Served in California**

**FOR:**     Tesla, Inc.  (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Marina Faragalla // To: Tesla, Inc. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice(s), Civil Case Cover Sheet, Attachment(s), Certificate |
| **COURT/AGENCY:** | Riverside County - Superior Court, CA<br>Case # CVME2503084 |
| **NATURE OF ACTION:** | Product Liability Litigation - Personal Injury - 2020 Tesla Model Y - VIN: 5YJYGDEE1LF033931 |
| **PROCESS SERVED ON:** | C T Corporation System, GLENDALE, CA |
| **DATE/METHOD OF SERVICE:** | By Process Server on 04/02/2025 at 11:10 |
| **JURISDICTION SERVED:** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after this summons and legal papers are served on you (Document(s) may contain additional answer dates) |
| **ATTORNEY(S)/SENDER(S):** | Samer Habbas<br>Law Offices of Samer Habbas & Associates, PC<br>200 Spectrum Center Drive, Suite 1230<br>Irvine, CA 92618<br>949-727-9300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/03/2025, Expected Purge Date: 04/08/2025<br><br>Image SOP<br><br>Email Notification,  LEGAL DEPARTMENT - SOP  legalsop@tesla.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>330 N BRAND BLVD<br>STE 700<br>GLENDALE, CA 91203<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other



**CT Corporation**
**Service of Process Notification**
04/02/2025
CT Log Number 548794217

information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                              Wed, Apr 2, 2025
**Server Name:**                       Brian Weller

| Entity Served | TESLA, INC. |
|---|---|
| Case Number | cvme2503084 |
| Jurisdiction | CA |

| Inserts | | |
|---|---|---|
| | | |



Case 5:25-cv-01752   Document 1   Filed 07/11/25   Page 11 of 51   Page ID #:11
Electronically FILED by Superior Court of California, County of Riverside on 03/19/2025 13:50 AM
Case Number CVME2503084 0000123240024 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Smith, Clerk

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| | **FOR COURT USE ONLY**<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Tesla, Inc.; Tesla Insurance Services, Inc.; and DOES 1 to 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Marina Faragalla

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE<br>Menifee Justice Center<br>27401 Menifee Center Drive, Menifee, CA 92584 | CASE NUMBER:<br>*(Número del Caso):*<br>CVME2503084 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Samer Habbas (SBN #243683); Adam Kocaj (SBN # 321680)      Fax No.: (949) 727-9308
Law Offices of Samer Habbas & Associates, PC              Phone No.: (949) 727-9300
200 Spectrum Center Drive, Suite 1230, Irvine, CA 92618

| DATE:<br>*(Fecha)* 03/19/2025 | Clerk, by<br>*(Secretario)* | *Jenifer Smith* | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*   J. Smith
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)

   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

GC68150(g)

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

*LexisNexis® Automated California Judicial Council Forms*

Brian_Weller
2018084688
2025/04/02 11:10:25

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2503084

**Case Name:**    FARAGALLA vs TESLA, INC.

ADAM KOCAJ
200 SPECTRUM CENTER DR STE 1230
Irvine, CA 92618

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/23/2025** | **8:30 AM** | **Department M302** |
| Location of Hearing: **27401 Menifee Center Drive, Menifee, CA 92584** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 672 7660 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)



Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.



Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/27/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

J. Smith, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2503084

**Case Name:**    FARAGALLA vs TESLA, INC.

MARINA FARAGALLA

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/23/2025** | **8:30 AM** | **Department M302** |
| Location of Hearing: **27401 Menifee Center Drive, Menifee, CA 92584** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 672 7660 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/27/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____
      J. Smith, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**     CVME2503084

**Case Name:**     FARAGALLA vs TESLA, INC.

TESLA, INC.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 09/23/2025 | 8:30 AM | Department M302 |
| Location of Hearing: **27401 Menifee Center Drive, Menifee, CA 92584** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 672 7660 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.





Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter.

Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.)

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/27/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by:  _____
      J. Smith, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**    CVME2503084

**Case Name:**    FARAGALLA vs TESLA, INC.

TESLA INSURANCE SERVICES, INC.

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| **09/23/2025** | **8:30 AM** | **Department M302** |
| Location of Hearing:<br>**27401 Menifee Center Drive, Menifee, CA 92584** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case.  CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

**Remote Appearance at Hearing:** The court **strongly encourages** parties and counsel to appear remotely for non-evidentiary hearings in civil cases.  Pursuant to local rule 3132, persons intending to appear remotely shall notify all opposing parties of their intention to appear remotely before the hearing.  Notice may be given informally, including by telephone, email, or text message. To appear remotely, on the day of the hearing, either use your computer, mobile device, or dial (833) 568-8864 (toll free) or (669) 254-5252, when prompted enter:

Meeting ID: 161 672 7660 #
Access Code: Press the # key (no number after the #)

Please MUTE your phone until your case is called, and it is your turn to speak.  It is important to note that you must call twenty (20) minutes prior to the scheduled hearing time to check in or there may be a delay in your case being heard.

CI-NOCMC
(Rev. 03/02/22)

|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

## CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding.  In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence.  Such correspondence is deposited in the outgoing mail of the Superior Court.  Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business.  I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 03/27/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by: _____

J. Smith, Deputy Clerk

CI-NOCMC
(Rev. 03/02/22)

Notice has been printed for the following Firm/Attorneys or Parties: CVME2503084

KOCAJ, ADAM
200 SPECTRUM CENTER DR STE 1230
Irvine, CA 92618

TESLA, INC.

FARAGALLA, MARINA

TESLA INSURANCE SERVICES, INC.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Menifee Justice Center
27401 Menifee Center Drive, Menifee, CA 92584
www.riverside.courts.ca.gov

**Case Number:**   CVME2503084

**Case Name:**   FARAGALLA vs TESLA, INC.

### NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Raquel A. Marquez in Department M302  for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316).  Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml.  If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing.  If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|  | Interpreter services are available upon request.  If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpreterInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided.  Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation.  A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation.  (Civil Code section 54.8.) |

Dated: 03/27/2025

JASON B. GALKIN,
Court Executive Officer/Clerk of the Court

by:  _Jennifer Smith_
_____
J. Smith, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

Electronically FILED by Superior Court of California, County of Riverside on 03/19/2025 10:50 AM
Case Number CVME2503084 0000123240026 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Smith, Clerk

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* 243683; 321680 | FOR COURT USE ONLY |
|---|---|
| Samer Habbas; Adam Kocaj | |
| 200 Spectrum Center Drive, Suite 1230, Irvine, CA 92618 | |
| TELEPHONE NO.: (949) 727-9300    FAX NO. : (949) 727-9308 | |
| EMAIL ADDRESS: adam@habbaspilaw.com; eservice@habbaspilaw.com | |
| ATTORNEY FOR *(Name):* Marina Faragalla, Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 27401 Menifee Center Drive
MAILING ADDRESS: 27401 Menifee Center Drive
CITY AND ZIP CODE: Menifee, CA 92584
BRANCH NAME: Menifee Justice Center

CASE NAME:
Faragalla v Tesla, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $35,000) | [ ] Limited (Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder | CVME2503084 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* TWO (2)
5. This case [ ] is [X] is not    a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 19, 2025

Adam Kocaj
_____     ▶     _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only. **Page 1 of 2**

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. January 1, 2024] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

LexisNexis® Automated California Judicial Council Forms    www.courts.ca.gov

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
   *case involves an uninsured*
   *motorist claim subject to*
   *arbitration, check this item*
   *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death) Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or*
   *toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil*
   *harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer*
      *or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally*
   *complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent*
   *domain, landlord/tenant, or*
   *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
   *drugs, check this item; otherwise,*
   *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor Commissioner
      Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex*
   *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of County)
   Confession of Judgment *(non-domestic*
      *relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-*
      *harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late Claim
   Other Civil Petition

CM-010 [Rev. January 1, 2024]                **CIVIL CASE COVER SHEET**

*LexisNexis® Automated California Judicial Council Forms*

RI-ADR001-INFO



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR) –**
*INFORMATION PACKAGE*


**\*\*\* THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE
ON EACH PARTY WITH THE COMPLAINT. \*\*\***

---

## What is ADR?

Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

## Advantages of ADR:

- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

## Disadvantages of ADR:

- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

## Main Types of ADR:

**Mediation:**    In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:

- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:

- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**    Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*) | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO:                     FAX NO. (*Optional*): | |
| E-MAIL ADDRESS (*Optional*): | |
| ATTORNEY FOR (*Name*): | |

| PLAINTIFF/PETITIONER: | |
|---|---|
| | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |
| | CASE MANAGEMENT CONFERENCE DATE(S): |

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation        ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation        ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration    ☐ Other (describe):  _____

Proposed date to complete ADR:  _____

**<u>SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.</u>**

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

_____
(PRINT NAME OF PARTY OR ATTORNEY)
☐ Plaintiff  ☐ Defendant

_____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(DATE)

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001  [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml

Electronically FILED by Superior Court of California, County of Riverside on 03/19/2025 10:50 AM
Case Number CVME2503084 0000123240025 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Smith, Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☒ **MENIFEE** 27401 Menifee Center Dr., Menifee, CA 92584
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553
☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

ATTORNEY OR PARTY WITHOUT ATTORNEY (*Name, State Bar Number and Address*):
Samer Habbas (SBN #243683); Adam Kocaj (SBN # 321680)
Law Offices of Samer Habbas & Associates, P.C.
200 Spectrum Center Drive, Suite 1230,
Irvine, CA 92618

TELEPHONE NO: (949) 727-9300     FAX NO. (*Optional*): (949) 727-9308
E-MAIL ADDRESS (*Optional*): adam@habbaspilaw.com; eservice@habbaspilaw.com
ATTORNEY FOR (*Name*): Marina Faragalla, Plaintiff

*FOR COURT USE ONLY*

PLAINTIFF/PETITIONER: Marina Faragalla

DEFENDANT/RESPONDENT: Tesla, Inc., et al

CASE NUMBER: CVME2503084

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒ The action arose in the zip code of: 92584

☐ The action concerns real property located in the zip code of: _____

☐ The Defendant resides in the zip code of: _____

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 3115 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date March 19, 2025

Adam Kocaj
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)

► _____ (SIGNATURE)

**Page 1 of 1**

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 07/15/21]
(Reformatted 07/08/24)

**CERTIFICATE OF COUNSEL**

Local Rule 3117
riverside.courts.ca.gov

Electronically FILED by Superior Court of California, County of Riverside on 06/13/2025 10:40 AM
Case Number CVME2503084 0000123240023 - Jason B. Galkin, Executive Officer/Clerk of the Court By Jennifer Smith, Clerk

**PLD-PI-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**  STATE BAR NUMBER: 243683; 321680<br>NAME: Samer Habbas; Adam Kocaj<br>FIRM NAME: Law Offices of Samer Habbas & Associates, PC<br>STREET ADDRESS: 200 Spectrum Center Drive, Suite 1230<br>CITY: Irvine  STATE: CA  ZIP CODE: 92618<br>TELEPHONE NO.: (949) 727-9300  FAX NO.: (949) 727-9308<br>EMAIL ADDRESS: adam@habbaspilaw.com; eservice@habbaspilaw.com<br>ATTORNEY FOR (name): Marina Faragalla, Plaintiff | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 27401 Menifee Center Drive
MAILING ADDRESS: 27401 Menifee Center Drive
CITY AND ZIP CODE: Menifee, CA 92584
BRANCH NAME: Menifee Justice Center

PLAINTIFF: Marina Faragalla

DEFENDANT: Tesla, Inc.; Tesla Insurance Services, Inc.

[X] DOES 1 TO ____50____

| **COMPLAINT—Personal Injury, Property Damage, Wrongful Death** | CASE NUMBER: |
|---|---|
| [ ] **AMENDED** *(Number):*<br>**Type** *(check all that apply):*<br>[ ] **MOTOR VEHICLE**  [X] **OTHER** *(specify):* Products Liability<br>[ ] **Property Damage**  [ ] **Wrongful Death**<br>[X] **Personal Injury**  [ ] **Other Damages** *(specify):* | CVME2503084 |

**Jurisdiction** *(check all that apply):*
[ ] **ACTION IS A LIMITED CIVIL CASE** (does not exceed $35,000)
    Amount demanded [ ] does not exceed $10,000
               [ ] exceeds $10,000
[X] **ACTION IS AN UNLIMITED CIVIL CASE** (exceeds $35,000)
[ ] **ACTION IS RECLASSIFIED** by this amended complaint
     [ ] **from limited to unlimited**
     [ ] **from unlimited to limited**

1. **Plaintiff** *(name or names):* Marina Faragalla
   alleges causes of action against **defendant** *(name or names):* Tesla, Inc.; Tesla Insurance Services, Inc.; and DOES 1 to 50

2. This pleading, including attachments and exhibits, consists of the following number of pages: 5

3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   b. [ ] **except** plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California.
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
         (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed.
         (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*
   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2024]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courts.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Faragalla v Tesla, Inc., et al. | CVME2503084 |

4. ☐ Plaintiff *(name):*
    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☒ **except** defendant *(name):* Tesla, Inc.

  (1) ☐ a business organization, form unknown.
  (2) ☒ a corporation.
  (3) ☐ an unincorporated entity *(describe):*

  (4) ☐ a public entity *(describe):*

  (5) ☐ other *(specify):*

c. ☐ **except** defendant *(name):*

  (1) ☐ a business organization, form unknown.
  (2) ☐ a corporation.
  (3) ☐ an unincorporated entity *(describe):*

  (4) ☐ a public entity *(describe):*

  (5) ☐ other *(specify):*

b. ☒ **except** defendant *(name):* Tesla Insurance Services, Inc.

  (1) ☐ a business organization, form unknown.
  (2) ☒ a corporation.
  (3) ☐ an unincorporated entity *(describe):*

  (4) ☐ a public entity *(describe):*

  (5) ☐ other *(specify):*

d. ☐ **except** defendant *(name):*

  (1) ☐ a business organization, form unknown.
  (2) ☐ a corporation.
  (3) ☐ an unincorporated entity *(describe):*

  (4) ☐ a public entity *(describe):*

  (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.

a. ☒ Doe defendants *(specify Doe numbers):*  1 to 50  were the agents or employees of other named defendants and acted within the scope of that agency or employment.

b. ☒ Doe defendants *(specify Doe numbers):*  1 to 50  are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
a. ☐ at least one defendant now resides in its jurisdictional area.
b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
a. ☐ has complied with applicable claims statutes, **or**
b. ☐ is excused from complying because *(specify):*

---

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

*LexisNexis® Automated California Judicial Council Forms*

**PLD-PI-001**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Faragalla v Tesla, Inc., et al. | CVME2503084 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle

b. ☒ General Negligence

c. ☐ Intentional Tort

d. ☒ Products Liability

e. ☐ Premises Liability

f. ☐ Other *(specify):*

11. Plaintiff has suffered *(check all that apply)*

a. ☒ wage loss.

b. ☒ loss of use of property.

c. ☒ hospital and medical expenses.

d. ☒ general damage.

e. ☒ property damage.

f. ☒ loss of earning capacity.

g. ☐ other damage *(specify):*

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are

a. ☐ listed in Attachment 12.

b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for

a. (1) ☒ compensatory damages.

    (2) ☐ punitive damages.

b. The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*

    (1) ☒ according to proof.

    (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: March 19, 2025

_____
Adam Kocaj
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001(2)

| SHORT TITLE: Faragalla v Tesla, Inc., et al. | CASE NUMBER: CVME2503084 |
|---|---|

_____FIRST_____   **CAUSE OF ACTION—General Negligence**   Page ___4___
(number)

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Marina Faragalla

alleges that defendant *(name)*: Tesla, Inc., Tesla Insurance Services, Inc.

[X] Does ___1___ to ___50___

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff

on *(date)*: March 21, 2023
at *(place)*: Interstate 215, just south of Scott Road; Menifee, CA

*(description of reasons for liability):*

GN-2
On said date, Plaintiff Marina Faragalla was driving a white 2020 Tesla Model Y Long Range Electric 4WD 4D Wagon traveling northbound on Interstate 215 in the city of Menifee, California. Plaintiff was utilizing her vehicle's autopilot features, inter alia cruise control function, in the furthest right lane. There were no vehicles or obstructions in front of her. Suddenly, without manual application, her vehicle applied its brakes while traveling at approximately 70 miles per hour. This deceleration caused the vehicle's rear to uncontrollably turn. Due to the defective nature of the vehicle, she was unable to regain control and consequently collided into the concrete freeway divider. sustaining serious injury. Defendants Tesla, Inc.; Tesla Insurance Services, Inc.; and/or DOES 1 to 50, manufactured the 2020 Tesla Model Y that Plaintiff was operating at the time of the injury. Defendants Tesla, Inc.; Tesla Insurance Services, Inc.; and/or DOES 1 to 50 were the initial sellers, manufacturers of the 2020 Tesla Model Y and were and are engaged in the business of manufacturing, fabricating, designing, assembling, distributing, selling, inspecting, servicing, repairing, marketing, warranting, selling, retailing, wholesaling and advertising a certain subject 2020 Tesla Model Y, Vehicle Identification No. 5YJYGDEE1LF033931, (hereafter "SUBJECT TESLA") and each and every component part thereof, which defendants knew, or in the exercise of reasonable care should have known, would be used without inspection for defects in its parts, mechanisms or design, for use in the State of California and elsewhere.
GN-3
Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant. The product at the time of the injury was being used in the manner intended by the defendants. Plaintiff was a purchaser of the product and a user of the product.
GN-4
The SUBJECT TESLA and each of its component parts and/or aftermarket parts and/or installation guides mentioned was manufactured, designed, assembled, packaged, tested, fabricated, analyzed, inspected, merchandised, marketed, distributed, labeled, advertised, promoted, sold, supplied, leased, rented, repaired, modified, aftermarket modified, adjusted, selected and used with inherent vices and defects both in design and manufacturing and by failure to warn (hereinafter "SUBJECT DEFECTS") which made it dangerous, hazardous and unsafe both for its intended use or for reasonably foreseeable misuses.

GN-5
At all times herein mentioned, Defendants, and each of them, knew and intended that said vehicles would be purchased and operated by members of the general public who would rely on Defendants to transmit any relevant warnings about said vehicles.
GN-6
Said product and each of its component parts and/or aftermarket parts and/or installation guides, was unsafe for its intended use and reasonably foreseeable misuses by reason of defects in its design and/or manufacturing and/or failure to warn by said Defendants, and each of them, in that when the SUBJECT TESLA and each of its component parts and/or aftermarket parts and/or installation guides, was used by the plaintiffs and the decedent, on or about MARCH 21, 2023, as intended or in a reasonable foreseeable manner, the SUBJECT TESLA, during reasonably foreseeable driving maneuvers, was dangerous and did suffer a loss of lateral controL due to defective and dangerous autopilot functioning legally causing serious injuries to the Plaintiff and legally resulting in Plaintiffs' damages as set forth herein.
GN-7
As a direct and legal result of the conduct of defendants, and each of them, and the defects inherent in the vehicle, serious injuries were caused thereby to the plaintiff and thereby legally resulting in Plaintiffs' special and general damages in a sum in excess of the minimum subject matter jurisdiction of this Superior Court according to proof at trial.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
*www.courtinfo.ca.gov*

*LexisNexis® Automated California Judicial Council Forms*

PLD-PI-001(5)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Faragalla v Tesla, Inc., et al. | CVME2503084 |

SECOND **CAUSE OF ACTION—Products Liability** Page 5
(number)

ATTACHMENT TO [X] Complaint [ ] Cross - Complaint
*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* Marina Faragalla

Prod. L-1. On or about *(date):* March 21, 2023 plaintiff was injured by the following product:
2020 Tesla Model Y Long Range Electric 4WD 4D Wagon

Prod. L-2. Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant. The product at the time of injury
was being
[X] used in the manner intended by the defendants.
[ ] used in the manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent. Adequate warnings of the danger were not given.

Prod. L-3. Plaintiff was a
[X] purchaser of the product. [X] user of the product.
[ ] bystander to the use of the product. [ ] other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod. L- 4. [X] **Count One—Strict liability** of the following defendants who
a. [X] manufactured or assembled the product *(names):* Tesla, Inc.; Tesla Insurance Services, Inc.

[X] Does 1 to 50

b. [X] designed and manufactured component parts supplied to the manufacturer *(names):*

[X] Does 1 to 50

c. [X] sold the product to the public *(names):* Tesla, Inc.; Tesla Insurance Services, Inc.

[X] Does 1 to 50

Prod . L-5. [X] **Count Two—Negligence** of the following defendants who owed a duty to plaintiff *(names):*
Tesla, Inc.

[X] Does 1 to 50

Prod. L-6. [X] **Count Three—Breach of warranty** by the following defendants *(names):* Tesla, Inc.; Tesla
Insurance Services, Inc.

[X] Does 1 to 50

a. [X] who breached an implied warranty
b. [ ] who breached an express warranty which was
[ ] written [ ] oral

Prod. L-7. [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[ ] listed in Attachment-Prod. L-7 [ ] as follows:

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(5) [Rev. January 1, 2007]

**CAUSE OF ACTION—Products Liability**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

*LexisNexis® Automated California Judicial Council Forms*

EXHIBIT B

**CIV-110**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY**      STATE BAR NUMBER: 243683; 321680<br>NAME: Adam Kocai; Samer Habbas<br>FIRM NAME: Law Offices of Samer Habbas & Associates, PC<br>STREET ADDRESS: 200 Spectrum Center Drive, Suite 1230, Irvine, CA 92618<br>CITY: Irvine    STATE: CA    ZIP CODE: 92618<br>TELEPHONE NO.: (949) 727-9300    FAX NO.: (949) 727-9308<br>EMAIL ADDRESS: adam@habbaspilaw.com; eservice@habbaspilaw.com<br>ATTORNEY FOR *(name):* Marina Faragalla, Plaintiff | **FOR COURT USE ONLY** |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**<br>STREET ADDRESS: 27401 Menifee Center Drive<br>MAILING ADDRESS: 27401 Menifee Center Drive<br>CITY AND ZIP CODE: Menifee 92584<br>BRANCH NAME: Menifee Justice Center |
| PLAINTIFF/PETITIONER: Marina Faragalla<br>DEFENDANT/RESPONDENT: Tesla, Inc., et al. |

| | |
|---|---|
| **REQUEST FOR DISMISSAL** | CASE NUMBER:<br>CVME2503084 |

| |
|---|
| **A conformed copy will not be returned by the clerk unless a method of return is provided with the document.** |
| **This form may not be used for dismissal of a derivative action or a class action or of any party or cause of action in a class action. (Cal. Rules of Court, rules 3.760 and 3.770.)** |

1. TO THE CLERK: Please **dismiss** this action as follows:
   a. (1) ☐ With prejudice   (2) ☒ Without prejudice   (3) ☐ Without prejudice and with the court retaining jurisdiction (Code Civ. Proc., § 664.6)
   b. (1) ☐ Complaint   (2) ☐ Petition
       (3) ☐ Cross-complaint filed on *(date):*     by *(name):*
       (4) ☐ Cross-complaint filed on *(date):*     by *(name):*
       (5) ☐ Entire action of all parties and all causes of action
       (6) ☒ Other *(specify)*\*: As to Defendant Tesla Insurance Services, Inc. ONLY

2. *(Complete in all cases except family law cases.)*
   The court ☐ did ☒ did not waive court fees and costs for a party in this case. *(This information may be obtained from the clerk. If court fees and costs were waived, the declaration on the back of this form must be completed.)*

Date: May 15, 2025

Adam Kocaj

_____
(TYPE OR PRINT NAME OF   ☒ ATTORNEY   ☐ PARTY WITHOUT ATTORNEY)

\* If dismissal requested is of specified parties only, of specified causes of action only, or of specified cross-complaints only, so state and identify the parties, causes of action, or cross-complaints to be dismissed

▶ _____
               (SIGNATURE)
Attorney or party without attorney for
☒ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-Complainant

3. TO THE CLERK: Consent to the above dismissal is hereby given.†
Date:

_____
(TYPE OR PRINT NAME OF   ☐ ATTORNEY   ☐ PARTY WITHOUT ATTORNEY)

† If item 1a(3) is checked, all parties must sign.
If a cross-complaint—or *Response—Marriage/Domestic Partnership* (form FL-120) seeking affirmative relief—is on file, the attorney for cross-complainant (respondent) must sign this consent if required by Code of Civil Procedure section 581(i) or (j).

▶ _____
               (SIGNATURE)
Attorney or party without attorney for
☐ Plaintiff/Petitioner    ☐ Defendant/Respondent
☐ Cross-Complainant

☐ Check here and use form MC-025 or a separate page for additional signatures. Include date, printed name, and party information.

4. ☐ Dismissal entered as requested on *(date):*
5. ☐ Dismissal entered on *(date):*    as to only *(name):*
6. ☐ Dismissal **not entered** as requested for the following reasons *(specify):*

7. a. ☐ Attorney or party without attorney notified on *(date):*
   b. ☐ Attorney or party without attorney not notified. Filing party failed to provide
        ☐ a copy to be conformed    ☐ means to return conformed copy

Date: _____    Clerk, by _____, Deputy

               **Page 1 of 2**

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-110 [Rev. January 1, 2025]

**REQUEST FOR DISMISSAL**

Code of Civil Procedure, § 581 et seq.;<br>Government Code, § 68637(c); Cal. Rules of Court, rule 3.1390<br>www.courts.ca.gov

CIV-110

| PLAINTIFF/PETITIONER:<br>DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

**COURT'S RECOVERY OF WAIVED COURT FEES AND COSTS**

If a party whose court fees and costs were initially waived has recovered or will recover $10,000 or more in value by way of settlement, compromise, arbitration award, mediation settlement, or other means, the court has a statutory lien on that recovery. The court may refuse to dismiss the case until the lien is satisfied. (Gov. Code, § 68637.)

## Declaration Concerning Waived Court Fees

1. The court waived court fees and costs in this action for *(name):*

2. The person named in item 1 is *(check one below)*

   a. ☐ not recovering anything of value by this action.

   b. ☐ recovering less than $10,000 in value by this action.

   c. ☐ recovering $10,000 or more in value by this action. *(If item 2c is checked, item 3 must be completed.)*

3. All court fees and court costs that were waived in this action have been paid to the court *(check one):* ☐ Yes ☐ No

I declare under penalty of perjury under the laws of the State of California that the information above is true and correct.

Date:

_____     ▶ _____
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY MAKING DECLARATION)              (SIGNATURE)

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [Print this form]    [Save this form]    [Clear this form]

PROOF OF SERVICE

STATE OF CALIFORNIA       )
                              ) ss.
COUNTY OF ORANGE        )

      I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) years and not a party to the within entitled action.  My business address is 200 Spectrum Center Drive, Suite 1230, Irvine, California 92618.

      On May 15, 2025 I served the within REQUEST FOR DISMISSAL on the interested parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

___ (BY MAIL) I am readily familiar with the firm's practice of collection and correspondence for mailing, that the correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date deposit for mailing in the affidavit.

____ (BY FACSIMILE) Via facsimile from machine number (949) 727-9308, I transmitted by facsimile machine true copies of the foregoing described document on the attorneys of record in this action at the facsimile machine telephone numbers shown, pursuant to California Rule of Court, Rule 2009(i).

____ (BY OVERNIGHT MAIL) I am readily familiar with the firm's practice of collecting and processing of documents and correspondence for mailing with United Parcel Service. Under that practice, on the above date, the United Parcel Service envelope was sealed and placed for collection and mailing following the ordinary business practices of our office. This results in the United Parcel Service envelope being delivered to the United Parcel Service box at the 200 Spectrum Center Drive, Irvine, premises.

_X_ (ONLY BY ELECTRONIC TRANSMISSION) Only by e-mailing the document to the persons at the e-mail addresses shown on the service list. Pursuant to California Code of Civil Procedure §1010.6, this office will use electronic mail for service purposes.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 15, 2025 at Irvine, California.

_____

Marisabela Castillo

REQUEST FOR DISMISSAL

**SERVICE LIST**
***Faragalla v Tesla, Inc., et al.***
CVME2503084

| | |
|---|---|
| Lauren O. Miller (CA SBN 279448)<br>Lindsey R. Adams-Hess (SBN 260600)<br>TESLA, INC.<br>3000 Hanover Street<br>Palo Alto, CA 94304<br>Tel: (510) 362-3599<br>Email: millerl@tesla.com; ladamshess@tesla.com;<br>kwinterson@tesla.com | ***Attorneys for Defendant***<br><br>TESLA, INC. |
| John Walker, Esq.<br>Sacro & Walker<br>700 North Brand Boulevard, Suite 610<br>Glendale, California 91203<br>Tel: (818) 721-9670<br>Fax: (818) 721-9670<br>Email: jwalker@sacrowalker.com;<br>tharkness@sacrowalker.com; jtran@sacrowalker.com | ***Attorneys for Defendant***<br><br>TESLA INSURANCES |

REQUEST FOR DISMISSAL

EXHIBIT C

CIV-050

*- DO NOT FILE WITH THE COURT-*
*-UNLESS YOU ARE APPLYING FOR A DEFAULT JUDGMENT UNDER CODE OF CIVIL PROCEDURE § 585 -*

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name and Address):*<br>Samer Habbas    (Bar # 243683)<br>Adam Kocaj    (Bar # 321680)<br>Law Offices of Samer Habbas & Associates, PC<br>200 Spectrum Center Drive, Suite 1230<br>Irvine, CA 92618<br>TELEPHONE NO.: (949) 727-9300<br>FAX NO.: (949) 727-9308 | FOR COURT USE ONLY |

ATTORNEY FOR *(name):* Marina Faragalla, Plaintiff

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** RIVERSIDE
STREET ADDRESS: 27401 Menifee Center Drive
MAILING ADDRESS: 27401 Menifee Center Drive
CITY AND ZIP CODE: Menifee 92584
BRANCH NAME: Menifee Justice Center

PLAINTIFF: Marina Faragalla
DEFENDANT: Tesla, Inc., et al.

| STATEMENT OF DAMAGES<br>(Personal Injury or Wrongful Death) | CASE NUMBER:<br>CVME2503084 |
|---|---|

To *(name of one defendant only):* Tesla, Inc.
Plaintiff *(name of one plaintiff only):* Marina Faragalla
seeks damages in the above-entitled action, as follows:

AMOUNT

1. **General damages**
   a. [X] Pain, suffering, and inconvenience ................................................................ $ to be proven at trial
   b. [ ] Emotional distress. ....................................................................................... $ _____
   c. [ ] Loss of consortium ...................................................................................... $ _____
   d. [ ] Loss of sociey and companionship *(wrongful death actions only)* ................... $ _____
   e. [ ] Other *(specify)* .......................................................................................... $ _____
   f. [ ] Other *(specify)* .......................................................................................... $ _____
   g. [ ] Continued on Attachment 1.g.

2. **Special damages**
   a. [X] Medical expenses *(to date)* ....................................................................... $ $69,135.02
   b. [X] Future medical expenses *(present value)* .................................................... $ to be proven at trial
   c. [ ] Loss of earnings *(to date)* ......................................................................... $ _____
   d. [ ] Loss of future earning capacity *(present value)* ........................................... $ _____
   e. [ ] Property damage ......................................................................................... $ _____
   f. [ ] Funeral expenses *(wrongful death actions only)* ........................................... $ _____
   g. [ ] Future contributions *(present value) (wrongful death actions only)* ................. $ _____
   h. [ ] Value of personal service, advice, or training *(wrongful death actions only)* ...... $ _____
   i. [ ] Other *(specify)* .......................................................................................... $ _____
   j. [ ] Other *(specify)* .......................................................................................... $ _____
   k. [ ] Continued on Attachment 2.k.

3. [ ] **Punitive damages:** Plaintiff reserves the right to seek punitive damages in the amount of *(specify)*.. $ _____
   when pursuing a judgment in the suit filed against you.

Date: June 13, 2025

Adam Kocaj
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

(Proof of service on reverse)

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CIV-050 [Rev. January 1, 2007]

**STATEMENT OF DAMAGES**
**(Personal Injury or Wrongful Death)**

Code of Civil Procedure, §§ 425.11, 425.115<br>*www.courtinfo.ca.gov*

*LexisNexis® Automated California Judicial Council Forms*

CIV-050

| | CASE NUMBER: |
|---|---|
| PLAINTIFF: Marina Faragalla | CVME2503084 |
| DEFENDANT: Tesla, Inc., et al. | |

### PROOF OF SERVICE

*(After having the other party served as described below, with any of the documents identified in item 1, have the person who served the documents complete this Proof of Service. Plaintiff cannot serve these papers.)*

1. I served the
   a. ☐ Statement of Damages ☐ Other *(specify):*

   b. on *(name):*
   c. by serving ☐ defendant ☐ other *(name and title or relationship to person served):*

   d. ☐ by delivery ☐ at home ☐ at business
      (1) **date:**
      (2) **time:**
      (3) **address:**

   e. ☐ by mailing
      (1) **date:**
      (2) **place:**

2. Manner of service *(check proper box):*
   a. ☐ **Personal service.** By personally delivering copies. (CCP § 415.10)
   b. ☐ **Substituted service on corporation, unincorporated association (including partnership), or public entity.** By leaving, during usual office hours, copies in the office of the person served with the person who apparently was in charge and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(a))
   c. ☐ **Substituted service on natural person, minor, conservatee, or candidate.** By leaving copies at the dwelling house, usual place of abode, or usual place of business of the person served in the presence of a competent member of the household or a person apparently in charge of the office or place of business, at least 18 years of age, who was informed of the general nature of the papers, and thereafter mailing (by first-class mail, postage prepaid) copies to the person served at the place where the copies were left. (CCP § 415.20(b)) **(Attach separate declaration or affidavit stating acts relied on to establish reasonable diligence in first attempting personal service.)**

   d. ☐ **Mail and acknowledgment service.** By mailing (by first- class mail or airmail, postage prepaid) copies to the person served, together with two copies of the form of notice and acknowledgment and a return envelope, postage prepaid, addressed to the sender. (CCP § 415.30) **(Attach completed acknowledgment of receipt.)**

   e. ☐ **Certified or registered mail service.** By mailing to an address outside California (by first-class mail, postage prepaid, requiring a return receipt) copies to the person served. (CCP § 415.40) **(Attach signed return receipt or other evidence of actual delivery to the person served.)**

   f. ☐ **Other** *(specify code section):*
      ☐ additional page is attached.

3. At the time of service I was at least 18 years of age and not a party to this action.
4. Fee for service: $
5. Person serving:
   a. ☐ California sheriff, marshal, or constable
   b. ☐ Registered California process server
   c. ☐ Employee or independent contractor of a registered California process server
   d. ☐ Not a registered California process server
   e. ☐ Exempt from registration under Bus. & Prof. Code § 22350(b)

   f. Name, address and telephone number and, if applicable, county of registration and number:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*(For California sheriff, marshal, or constable use only)*
I certify that the foregoing is true and correct.

Date:

Date:

▶ _____
(SIGNATURE)

▶ _____
(SIGNATURE)

*LexisNexis® Automated California Judicial Council Forms*

PROOF OF SERVICE

STATE OF CALIFORNIA          )
                             ) ss.
COUNTY OF ORANGE             )

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) years and not a party to the within entitled action.  My business address is 200 Spectrum Center Drive, Suite 1230, Irvine, California 92618.

On June 13, 2025 I served the within STATEMENT OF DAMAGES on the interested parties in this action addressed as follows:

SEE ATTACHED SERVICE LIST

___ (BY MAIL) I am readily familiar with the firm's practice of collection and correspondence for mailing, that the correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.  I am aware that on motion of a party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date deposit for mailing in the affidavit.

____ (BY FACSIMILE) Via facsimile from machine number (949) 727-9308, I transmitted by facsimile machine true copies of the foregoing described document on the attorneys of record in this action at the facsimile machine telephone numbers shown, pursuant to California Rule of Court, Rule 2009(i).

____ (BY OVERNIGHT MAIL) I am readily familiar with the firm's practice of collecting and processing of documents and correspondence for mailing with United Parcel Service. Under that practice, on the above date, the United Parcel Service envelope was sealed and placed for collection and mailing following the ordinary business practices of our office. This results in the United Parcel Service envelope being delivered to the United Parcel Service box at the 200 Spectrum Center Drive, Irvine, premises.

_X__ (ONLY BY ELECTRONIC TRANSMISSION) Only by e-mailing the document to the persons at the e-mail addresses shown on the service list. Pursuant to California Code of Civil Procedure §1010.6, this office will use electronic mail for service purposes.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on June 13, 2025 at Irvine, California.

_____

Marisabela Castillo

**SERVICE LIST**
*Faragalla v Tesla, Inc., et al.*
CVME2503084

| | |
|---|---|
| Lauren O. Miller (CA SBN 279448)<br>Lindsey R. Adams-Hess (SBN 260600)<br>TESLA, INC.<br>3000 Hanover Street<br>Palo Alto, CA 94304<br>Tel: (510) 362-3599<br>Email: millerl@tesla.com; ladamshess@tesla.com;<br>kwinterson@tesla.com | *Attorneys for Defendant*<br><br>TESLA, INC. |

STATEMENT OF DAMAGES

EXHIBIT D

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

# TRAFFIC CRASH REPORT
CHP 555 Page 1 (Rev. 2-22) OPI 060

Page 1 of 8

## LOCATION

| SPECIAL CONDITIONS | NUMBER INJURED: **1** | HIT & RUN FELONY | CITY **MENIFEE** | | JUDICIAL DISTRICT | LOCAL REPORT NUMBER **9685-2023-00432** |
|---|---|---|---|---|---|---|
| | NUMBER KILLED: **0** | HIT & RUN MISDEMEANOR | COUNTY **RIVERSIDE** | RIVERSIDE SUPERIOR COURT SOUTHWEST JUSTICE CENTER - MURRIETA | REPORTING DISTRICT | BEAT **034** |

DAY OF WEEK: S M (T) W T F S    TOW AWAY: [X] YES  [ ] NO

| CRASH OCCURRED ON **INTERSTATE 215 NORTHBOUND** | CRASH DATE MO. DAY YEAR **03/21/2023** | CRASH TIME (2400) **0925** | NOTIFICATION DATE MO. DAY YEAR **03/21/2023** | NOTIF. TIME (2400) **0950** | NCIC # **9685** | OFFICER ID **015295** |

AT INTERSECTION WITH
[X] OR **0.5 MILES SOUTH of SCOTT ROAD**

STATE HWY REL [X] YES [ ] NO
DIGITAL MEDIA [ ] YES [X] NO

GPS COORDINATES FOR LOCATION (LOC.) AND AREA(S) OF IMPACT (AOI) [X] SAME AS LOCATION
LOC. LAT. 33.632810 LONG. -117.171180
AOI 1 LAT. 33.632810 LONG. -117.171180
[ ] REFER TO NARRATIVE
AOI 2 LAT. LONG.
AOI 3 LAT. LONG.
AOI 4 LAT. LONG.
AOI 5 LAT. LONG.
ADDTL AOI(s) [ ]

### PARTY 1

| DRIVER'S LICENSE NUMBER 844 | STATE CA | CLASS C | AIR BAG L | SAFETY EQUIP. G | VEH. YEAR 2020 | MAKE/MODEL/COLOR TESL MODEL Y WHI | LICENSE NUMBER 937 | STATE CA |

[X] DRIVER
NAME (FIRST, MIDDLE, LAST) **MARINA FARAGALLA**

[ ] PEDESTRIAN  STREET ADDRESS

[ ] PARKED VEHICLE  CITY/STATE/ZIP **MENIFEE CA 92585**

[ ] BICYCLIST

| SEX F | HAIR BRN | EYES BRN | HEIGHT 5' 1" | WEIGHT 120 | BIRTHDATE Mo. Day Year | RACE O |

[ ] OTHER  HOME PHONE    BUSINESS PHONE **NONE**

[ ] OPERATOR  INSURANCE CARRIER **TESLA**    POLICY NUMBER

OWNER'S NAME [ ] SAME AS DRIVER **MAIKEL  FARAGALLA**

OWNER'S ADDRESS [ ] SAME AS DRIVER **TEMECULA CA 92590**

DISPOSITION OF VEHICLE ON ORDERS OF: [ ] OFFICER [ ] DRIVER [X] OTHER
**BROTHERS TOWING - (951)674-0741 PER MAIKEL FARAGALLA**

PRIOR MECHANICAL DEFECTS: [X] NONE APPARENT [ ] REFER TO NARRATIVE

VEHICLE IDENTIFICATION NUMBER: 033931

VEHICLE TYPE **01**
DESCRIBE VEHICLE DAMAGE: [ ] UNK. [ ] NONE [ ] MINOR [ ] MOD. [X] MAJOR [ ] ROLL-OVER

| DIR OF TRAVEL N | ON STREET OR HIGHWAY **INTERSTATE 215 NORTHBOUND** | LANE 3 | THRU LANES 3 | TOTAL LANES 3 | SPEED LIMIT 65 |

CA ___ DOT ___
CAL-T ___ TCP/PSC ___ MC/MX ___

### PARTY 2

| DRIVER'S LICENSE NUMBER | STATE | CLASS | AIR BAG | SAFETY EQUIP. | VEH. YEAR | MAKE/MODEL/COLOR | LICENSE NUMBER | STATE |

[ ] DRIVER  NAME (FIRST, MIDDLE, LAST)

[ ] PEDESTRIAN  STREET ADDRESS

[ ] PARKED VEHICLE  CITY/STATE/ZIP

[ ] BICYCLIST

| SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE Mo. Day Year | RACE |

[ ] OTHER  HOME PHONE    BUSINESS PHONE

[ ] OPERATOR  INSURANCE CARRIER    POLICY NUMBER

OWNER'S NAME [ ] SAME AS DRIVER

OWNER'S ADDRESS [ ] SAME AS DRIVER

DISPOSITION OF VEHICLE ON ORDERS OF: [ ] OFFICER [ ] DRIVER [ ] OTHER

PRIOR MECHANICAL DEFECTS: [ ] NONE APPARENT [ ] REFER TO NARRATIVE

VEHICLE IDENTIFICATION NUMBER:

VEHICLE TYPE
DESCRIBE VEHICLE DAMAGE: [ ] UNK. [ ] NONE [ ] MINOR [ ] MOD. [ ] MAJOR [ ] ROLL-OVER

| DIR OF TRAVEL | ON STREET OR HIGHWAY | LANE | THRU LANES | TOTAL LANES | SPEED LIMIT |

CA ___ DOT ___
CAL-T ___ TCP/PSC ___ MC/MX ___

### PARTY 3

| DRIVER'S LICENSE NUMBER | STATE | CLASS | AIR BAG | SAFETY EQUIP. | VEH. YEAR | MAKE/MODEL/COLOR | LICENSE NUMBER | STATE |

[ ] DRIVER  NAME (FIRST, MIDDLE, LAST)

[ ] PEDESTRIAN  STREET ADDRESS

[ ] PARKED VEHICLE  CITY/STATE/ZIP

[ ] BICYCLIST

| SEX | HAIR | EYES | HEIGHT | WEIGHT | BIRTHDATE Mo. Day Year | RACE |

[ ] OTHER  HOME PHONE    BUSINESS PHONE

[ ] OPERATOR  INSURANCE CARRIER    POLICY NUMBER

OWNER'S NAME [ ] SAME AS DRIVER

OWNER'S ADDRESS [ ] SAME AS DRIVER

DISPOSITION OF VEHICLE ON ORDERS OF: [ ] OFFICER [ ] DRIVER [ ] OTHER

PRIOR MECHANICAL DEFECTS: [ ] NONE APPARENT [ ] REFER TO NARRATIVE

VEHICLE IDENTIFICATION NUMBER:

VEHICLE TYPE
DESCRIBE VEHICLE DAMAGE: [ ] UNK. [ ] NONE [ ] MINOR [ ] MOD. [ ] MAJOR [ ] ROLL-OVER

| DIR OF TRAVEL | ON STREET OR HIGHWAY | LANE | THRU LANES | TOTAL LANES | SPEED LIMIT |

CA ___ DOT ___
CAL-T ___ TCP/PSC ___ MC/MX ___

| PREPARER'S NAME **ANTHONY R FLOREZ, 015295** | DISPATCH NOTIFIED [X] YES [ ] NO [ ] N/A | REVIEWER'S NAME **RICHARD A POWELL, 016113** | DATE REVIEWED **03/31/2023** |

An Internationally Accredited Agency    Destroy Previous Editions

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

# TRAFFIC CRASH CODING
CHP 555 Page 2 (Rev. 2-22) OPI 060

Page 2 of 8

| CRASH DATE (MO. DAY YEAR) | CRASH TIME (2400) | NCIC # | OFFICER ID | NUMBER |
|---|---|---|---|---|
| 03/21/2023 | 0925 | 9685 | 015295 | 9685-2023-00432 |

| PROPERTY DAMAGE | OWNER'S NAME | | OWNER'S ADDRESS |
|---|---|---|---|

| PERSON NOTIFIED | SAME AS OWNER | TELEPHONE NUMBER | METHOD OF NOTIFICATION (MARK ALL THAT APPLY) ☐ IN PERSON ☐ PHONE ☐ DISPATCH ☐ CHP 422 | LOG / INCIDENT NUMBER |
|---|---|---|---|---|

DESCRIPTION OF DAMAGE

## SEATING POSITION

1 to 9 = STANDARD SEATING POSITION

|1|2|3|
|4|5|6|
|7|8|9|
|10|

10 - REAR OCC. TRK., VAN, STATION WAGON, ETC.*

11 - POSITION UNKNOWN*

0 - OTHER*

## SAFETY EQUIPMENT

OCCUPANTS
A - NONE IN VEHICLE
B - UNKNOWN
C - LAP BELT USED
D - LAP BELT NOT USED
E - SHOULDER HARNESS USED
F - SHOULDER HARNESS NOT USED
G - LAP/SHOULDER HARNESS USED
H - LAP/SHOULDER HARNESS NOT USED
J - PASSIVE RESTRAINT USED
K - PASSIVE RESTRAINT NOT USED
L - PASSIVE RESTRAINT USED

CHILD RESTRAINT
Q - IN VEHICLE USED
R - IN VEHICLE NOT USED
S - IN VEHICLE USE UNKNOWN
T - IN VEHICLE IMPROPER USE
U - NONE IN VEHICLE

M / C BICYCLE- HELMET
DRIVER          PASSENGER
V - NO          X - NO
W - YES         Y - YES

## AIR BAG
B - UNKNOWN
L - AIR BAG DEPLOYED
M - AIR BAG NOT DEPLOYED
N - OTHER
P - NOT REQUIRED

EJECTED FROM VEHICLE
0 - NOT EJECTED
1 - FULLY EJECTED
2 - PARTIALLY EJECTED
3 - UNKNOWN

## INATTENTION CODES
A - CELLPHONE HANDHELD
B - CELLPHONE HANDSFREE
C - ELECTRONIC EQUIPMENT
D - RADIO / CD
E - SMOKING
F - EATING
G - CHILDREN
H - ANIMALS
I - PERSONAL HYGIENE
J - READING
K - OTHER

### ITEMS MARKED BELOW FOLLOWED BY AN ASTERISK (*) SHOULD BE EXPLAINED IN THE NARRATIVE.

| PRIMARY CRASH FACTOR — LIST NUMBER (#) OF PARTY AT FAULT | TRAFFIC CONTROL DEVICES | 1 | 2 | 3 | VEHICLE AUTOMATION LEVEL | 1 | 2 | 3 | MOVEMENT PRECEDING CRASH |
|---|---|---|---|---|---|---|---|---|---|
| 1 A  CVC SECTION VIOLATED: VC 22350  ☐ YES  ☒ NO | A CONTROLS FUNCTIONING | | | | A SAE LEVEL - 0 | | | | A STOPPED |
| B OTHER IMPROPER DRIVING* | B CONTROLS NOT FUNCTIONING | | | | B SAE LEVEL - 1 | | | | B PROCEEDING STRAIGHT |
| | C CONTROLS OBSCURED | | | | C SAE LEVEL - 2 | | | | C RAN OFF ROAD |
| | X D NO CONTROLS PRESENT / FACTOR* | | | | D SAE LEVEL - 3 | | | | D MAKING RIGHT TURN |
| C OTHER THAN DRIVER* | TYPE OF CRASH | | | | X E SAE LEVEL - 4 | | | | E MAKING LEFT TURN |
| D UNKNOWN* | A HEAD - ON | | | | F SAE LEVEL - 5 | | | | F MAKING U TURN |
| | B SIDE SWIPE | | | | G UNKNOWN* | | | | G BACKING |
| | C REAR END | | | | | | | | H SLOWING / STOPPING |
| WEATHER (MARK 1 TO 2 ITEMS) | D BROADSIDE | 1 | 2 | 3 | VEHICLE AUTOMATION ENGAGED | | | | I PASSING OTHER VEHICLE |
| A CLEAR | X E HIT OBJECT | X | | | A NO AUTOMATION | | | | J CHANGING LANES |
| X B CLOUDY | F OVERTURNED | | | | B DRIVER ASSISTANCE | | | | K PARKING MANEUVER |
| X C RAINING | G VEHICLE / PEDESTRIAN | | | | C PARTIAL AUTOMATION | | | | L ENTERING TRAFFIC |
| D SNOWING | H OTHER* | | | | D CONDITIONAL AUTOMATION | | | | M OTHER UNSAFE TURNING |
| E FOG / VISIBILITY ___ FT. | MOTOR VEHICLE INVOLVED WITH (MARK 1 TO 2 ITEMS) | | | | E HIGH AUTOMATION | | | | N XING INTO OPPOSING LANE |
| F OTHER* | A NONCOLLISION | | | | F FULL AUTOMATION | | | | O PARKED |
| G WIND | B PEDESTRIAN | | | | G UNKNOWN* | | | | P MERGING |
| LIGHTING | C OTHER MOTOR VEHICLE | | | | | | | | Q TRAVELING WRONG WAY |
| X A DAYLIGHT | D MOTOR VEHICLE ON OTHER ROADWAY | 1 | 2 | 3 | OTHER ASSOCIATED FACTOR(S) (MARK 1 TO 2 ITEMS) | X | | | R OTHER * UNSAFE TURN |
| B DUSK - DAWN | X E PARKED MOTOR VEHICLE | | | | A CVC SECTION VIOLATION: VC 22107   CITED ☐ YES ☒ NO | 1 | 2 | 3 | S LANE SPLITTING |
| C DARK - STREET LIGHTS | F TRAIN | | | | B CVC SECTION VIOLATION:   CITED ☐ YES ☐ NO | X | | | SOBRIETY - DRUG - PHYSICAL (MARK ALL THAT APPLY) |
| D DARK - NO STREET LIGHTS | G BICYCLE | | | | | | | | A HAD NOT BEEN DRINKING |
| E DARK - STREET LIGHTS NOT FUNCTIONING* | H ANIMAL | | | | C CVC SECTION VIOLATION:   CITED ☐ YES ☐ NO | | | | B HBD - UNDER INFLUENCE |
| ROADWAY SURFACE | X I FIXED OBJECT: CONCRETE BARRIER W... | | | | D | | | | C HBD - NOT UNDER INFLUENCE* |
| A DRY | J OTHER OBJECT: | | | | E VISION OBSCUREMENT: | | | | D HBD - IMPAIRMENT UNKNOWN* |
| X B WET | | | | | F INATTENTION*: | | | | E UNDER DRUG INFLUENCE* |
| C SNOWY - ICY | | | | | G STOP & GO TRAFFIC | | | | DRE EXAM, CONDUCTED |
| D SLIPPERY (MUDDY, OILY, ETC.) | K ADDITIONAL OBJECT(S) STRUCK | | | | H ENTERING / LEAVING RAMP | | | | STIMULANT |
| ROADWAY CONDITION(S) (MARK 1 TO 2 ITEMS) | PEDESTRIAN'S ACTIONS | | | | I PREVIOUS CRASH | | | | HALLUCINOGEN |
| A HOLES, DEEP RUT* | X A NO PEDESTRIANS INVOLVED | | | | J UNFAMILIAR WITH ROAD | | | | DISSOCIATIVE ANESTHETICS |
| B LOOSE MATERIAL ON ROADWAY* | B CROSSING IN CROSSWALK AT INTERSECTION | | | | K DEFECTIVE VEH. EQUIP.   CITED ☐ YES ☐ NO | | | | NARCOTIC ANALGESIC |
| C OBSTRUCTION ON ROADWAY* | C CROSSING IN CROSSWALK - NOT AT INTERSECTION | | | | L UNINVOLVED VEHICLE | | | | INHALANT |
| D CONSTRUCTION - REPAIR ZONE | D CROSSING - NOT IN CROSSWALK | | | | M OTHER* | | | | CANNABIS |
| E REDUCED ROADWAY WIDTH | E IN ROAD - INCLUDES SHOULDER | | | | N NONE APPARENT | | | | DEPRESSANT |
| F FLOODED* | F NOT IN ROAD | | | | O RUNAWAY VEHICLE | | | | F IMPAIRMENT - PHYSICAL* |
| G OTHER* | G APPROACHING / LEAVING SCHOOL BUS | | | | | | | | G IMPAIRMENT NOT KNOWN |
| X H NO UNUSUAL CONDITIONS | | | | | MISCELLANEOUS | 1 | 2 | 3 | H NOT APPLICABLE |
| SKETCH | | | | | A HAZARDOUS MATERIAL | | | | I SLEEPY / FATIGUED* |
| REFER TO SKETCH PAGE(S) | | | | | B CELL PHONE HANDHELD IN USE | | | | SPECIAL INFORMATION |
| | | | | | C CELL PHONE HANDSFREE IN USE | | | | |
| | (INDICATE NORTH) | | | | D CELL PHONE NOT IN USE | | | | |
| | | | | | E CELL PHONE USE UNKNOWN | X | | | |
| | | | | | F SCHOOL BUS RELATED | | | | |
| | | 1 | 2 | 3 | BIKEWAY FACILITY | | | | |
| | | | | | A SHARED ROADWAY | | | | |
| | | | | | B CLASS I - BIKE PATH* | | | | |
| | | | | | C CLASS II - BIKE LANE* | | | | |
| | | | | | D CLASS III - BIKE ROUTE* | | | | |
| | ☐ REFER TO NARRATIVE FOR ADDITIONAL INFORMATION | | | | E CLASS IV - SEPARATED BIKEWAY* | | | | |

*An Internationally Accredited Agency*

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**INJURED / WITNESS / PASSENGERS**
CHP 555 Page 3 (Rev. 2-22) OPI 060

Page **3** of **8**

| CRASH DATE (MO. DAY YEAR) 03/21/2023 | | CRASH TIME (2400) 0925 | | NCIC # 9685 | | | OFFICER ID 015295 | | | | | NUMBER 9685-2023-00432 | | | | | |

| WITNESS ONLY | PASSENGER ONLY | AGE | SEX | EXTENT OF INJURY ("X" ONE) | | | | INJURED WAS ("X" ONE) | | | | | | PARTY NUMBER | SEAT POS. | AIR BAG | SAFETY EQUIP. | EJECTED |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | FATAL INJURY | SUSPECTED SERIOUS INJURY | SUSPECTED MINOR INJURY | POSSIBLE INJURY | DRIVER | PASS. | PED. | BICYCLIST | OTHER | OPER. | | | | | |
| # | | 35 | F | | X | | | X | | | | | | 1 | 1 | L | G | 0 |

NAME / D. O. B. / ADDRESS
**MARINA FARAGALLA** ▮▮▮▮▮▮▮▮▮ **MENIFEE CA 92585**
TELEPHONE (818) 448-5828

(INJURED ONLY) TRANSPORTED BY
**AMR MEDIC 444**
EMS RUN NUMBER
TAKEN TO:
**INLAND VALLEY REGIONAL MED CENTER**

DESCRIBE INJURIES
**FRACTURED RIGHT LEG**

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| # | X | 1 | F | | | | | | | | | | | 1 | 6 | L | R | 0 |

NAME / D. O. B. / ADDRESS
**PENELOPE FARAGALLA** ▮▮▮▮▮▮▮▮▮ **MENIFEE CA 92585**
TELEPHONE NONE

(INJURED ONLY) TRANSPORTED BY:
EMS RUN NUMBER:
TAKEN TO:

DESCRIBE INJURIES

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| # | | | | | | | | | | | | | | | | | | |

NAME / D. O. B. / ADDRESS
TELEPHONE

(INJURED ONLY) TRANSPORTED BY:
EMS RUN NUMBER:
TAKEN TO:

DESCRIBE INJURIES

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| # | | | | | | | | | | | | | | | | | | |

NAME / D. O. B. / ADDRESS
TELEPHONE

(INJURED ONLY) TRANSPORTED BY:
EMS RUN NUMBER:
TAKEN TO:

DESCRIBE INJURIES

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| # | | | | | | | | | | | | | | | | | | |

NAME / D. O. B. / ADDRESS
TELEPHONE

(INJURED ONLY) TRANSPORTED BY:
EMS RUN NUMBER:
TAKEN TO:

DESCRIBE INJURIES

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| # | | | | | | | | | | | | | | | | | | |

NAME / D. O. B. / ADDRESS
TELEPHONE

(INJURED ONLY) TRANSPORTED BY:
EMS RUN NUMBER:
TAKEN TO:

DESCRIBE INJURIES

☐ VICTIM OF VIOLENT CRIME NOTIFIED

| PREPARER'S NAME ANTHONY R FLOREZ | ID NUMBER 015295 | MO. DAY YEAR 03/21/2023 | REVIEWER'S NAME RICHARD A POWELL, 016113 | MO. DAY YEAR 03/31/2023 |

*An Internationally Accredited Agency*

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**SKETCH DIAGRAM**

CHP 555 Page 4 (Rev. 2-22)  OPI 060                                                                              Page  4    of 8

| CRASH DATE (MO.    DAY    YEAR) | CRASH TIME (2400) | NCIC # | OFFICER ID | NUMBER |
|---|---|---|---|---|
| 03/21/2023 | 0925 | 9685 | 015295 | 9685-2023-00432 |

ALL MEASUREMENTS ARE APPROXIMATE AND NOT TO SCALE UNLESS STATED (SCALE =        )



STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL
**FACTUAL DIAGRAM**

CHP 555 Page 4 (Rev. 2-22)  OPI 060                                            Page 5   of 8

| CRASH DATE (MO.    DAY    YEAR) | CRASH TIME (2400) | NCIC # | OFFICER ID | NUMBER |
|---|---|---|---|---|
| 03/21/2023 | 0925 | 9685 | 015295 | 9685-2023-00432 |

ALL MEASUREMENTS ARE APPROXIMATE AND NOT TO SCALE UNLESS STATED (SCALE =      )



215 Northbound

- Concrete Barrier Wall
- Asphalt Shoulder
- Solid Yellow Line
- Broken White Line
- Asphalt Roadway
- Solid White Line
- Metal Guardrail

Scott Road

Mapleton Avenue

N-1   N-2   N-3

V-1

A

12'   12'   12'

| PREPARED BY | ID NUMBER | MO.   DAY   YEAR | REVIEWER'S NAME | MO.   DAY   YEAR |
|---|---|---|---|---|
| ANTHONY R FLOREZ | 015295 | 03/21/2023 | RICHARD A POWELL, 016113 | 03/31/2023 |

An Internationally Accredited Agency

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**                                          PAGE 6   OF 8

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 03/21/2023 | 0925 | 9685 | 015295 | 9685-2023-00432 |

1  **DIAGRAM LEGEND**
2
3  Physical evidence at the scene was located by using the following references.
4     • Measurements north and south were taken from the north roadway edge prolongation of
5       Mapleton Avenue, and shall be referred to as Ref-1.
6
7     • Measurements east and west were taken from the west roadway edge of northbound
8       Interstate 215, and shall be referred to as Ref-2.
9
10 Measurements are approximate and were obtained by patrol vehicle odometer, rollmeter, foot
11 pace, and visual estimation.
12
13 **Vehicle Location**
14
15 Vehicle #1 (White Tesla Model Y)

| Item / Description | Distance/Direction from Ref-1 | Distance/Direction from Ref-2 |
|---|---|---|
| Left Front Tire | 322 feet north | 1 foot west |
| Left Rear Tire | 331 feet north | 4 feet east |

16
17 **Physical Evidence**
18
19 Item A- Scuffs to concrete barrier wall, approximately 6 feet in length, caused by vehicle #1.

| Item / Description | Distance/Direction from Ref-1 | Distance/Direction from Ref-2 |
|---|---|---|
| Begin | 253 feet north | 10 feet west |
| End | 259 feet north | 10 feet west |

20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| ANTHONY R FLOREZ | 015295 | 03/21/2023 | RICHARD A POWELL, 016113 | 03/31/2023 |

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**                                          PAGE 7  OF 8

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 03/21/2023 | 0925 | 9685 | 015295 | 9685-2023-00432 |

1 *All times, speeds, and measurements throughout this report are approximate. Measurements*
2 *were obtained using visual estimation and GPS unless otherwise stated. All opinions and*
3 *conclusions were based on evidence and/or statements.*
4
5 ***FACTS***
6 **SCENE DESCRIPTION:**
7 At the scene of this collision, northbound Interstate 215 is an urban three-lane Interstate, located
8 within Murrieta City Limits, in the County of Riverside. The asphalt lanes are individually
9 separated by a broken white line. The roadway is bordered on the west by a solid yellow line,
10 followed by an asphalt shoulder and concrete barrier wall. The roadway is bordered on the east
11 by a solid white line, followed by an asphalt shoulder and metal guardrail. The roadway is straight
12 and flat. At the time of this collision, heavy rain had caused west roadway conditions.
13
14 Refer to factual Diagram for pictorial display.
15
16 **PARTIES:**
17 Party #1 (Faragalla) was located at the scene in the rear of AMR Medic 444. Party #1 was
18 transported to Inland Valley regional Medical Center, prior to me contacting her. Party #1 was
19 later contacted in Room 14, of the Inland Valley Regional Medical Center emergency Room.
20 Party #1 was identified by a valid California driver license. Party #1 was placed as a party by her
21 admission to driving, and her injuries are consistent with being involved in this collision.
22
23 Vehicle #1 (White Tesla Model Y) was located at the scene on its wheels, facing in a
24 southwesterly direction. Vehicle #1 sustained major damage to the front bumper, hood, grille,
25 lighting assembly, and both front fenders. No prior mechanical defects or damage was noted or
26 claimed.
27
28 **PHYSICAL EVIDENCE:**
29 Refer to Factual Diagram, and corresponding legend, for physical evidence descriptions and
30 locations.
31
32 **STATEMENTS:**
33 Party #1 (Faragalla) related that she was driving vehicle #1 in the #3 lane of northbound Interstate
34 215, at a speed of 45-50 miles per hour. As Party #1 traveled northbound, she suddenly felt the
35 rear of vehicle #1 starting to turn. Party #1 related that she turned the steering wheel, in an
36 unknown direction, to gain control of vehicle #1. Party #1 related that she lost control of vehicle
37 #1, and vehicle #1 collided into the concrete wall.
38
39 Party #1 added that she did not know which way the rear of her vehicle started to turn, or which
40 way she turned the steering wheel.
41
42
43

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| ANTHONY R FLOREZ | 015295 | 03/21/2023 | RICHARD A POWELL, 016113 | 03/31/2023 |

STATE OF CALIFORNIA
**NARRATIVE/SUPPLEMENTAL**                                              PAGE 8    OF 8

| DATE OF INCIDENT | TIME | NCIC NUMBER | OFFICER I.D. | NUMBER |
|---|---|---|---|---|
| 03/21/2023 | 0925 | 9685 | 015295 | 9685-2023-00432 |

1 ***OPINIONS AND CONCLUSIONS**ance*

2 **SUMMARY/CAUSE:**

3 This collision occurred during a period of heavy rain, causing wet roadway conditions.

4

5 Party #1 was driving vehicle #1 northbound in the #3 lane of northbound Interstate 215, at a stated

6 speed of 45-50 miles per hour. Due to Party #1's unsafe speed for the wet roadway conditions, a

7 violation of California Vehicle Code section 22350, she began to lose control of vehicle #1. As

8 Party #1 began to lose control of vehicle #1, she made an abrupt turning movement to her left, a

9 violation of California Vehicle Code section 22107. As a result, vehicle #1 swerved out-of-control

10 in a northwesterly direction. The front of vehicle #1 collided into the concrete barrier wall (AOI #1);

11 causing major damage. After the collision, vehicle #1 came to rest on its wheels, facing in a

12 southwesterly direction.

13

14 **RECOMMENDATIONS:**

15 None.

16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43

| PREPARED BY | I.D. NUMBER | DATE | REVIEWER'S NAME | DATE |
|---|---|---|---|---|
| ANTHONY R FLOREZ | 015295 | 03/21/2023 | RICHARD A POWELL, 016113 | 03/31/2023 |